IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY EUGENE USSERY, (TDCJ #02204802) | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-2923 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Roy Eugene Ussery, a Texas state inmate, filed a pleading titled "Qui Tam Action Third Party Complaint Brought of Behalf of United States Government." Dkt. 1. Because the pleading challenged the validity of Ussery's 2018 state court conviction for super aggravated sexual assault of a child under six years of age (Harris County Cause No. 1459846), the Court treated it as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Court records showed that Ussery previously filed a § 2254 petition to challenge the same conviction, and that the case remained pending in this district. *See Ussery v. Lumpkin*, Civil No. 4:22-cv-3614 (S.D. Tex.). Because a habeas petitioner may not maintain duplicate proceedings to challenge the same conviction, the Court dismissed this case, without prejudice to consideration in Civil No. 4:22-cv-3614, as duplicative. Dkt. 24 (Nov.30, 2023 order dismissing case). Ussery states that he did not receive notice of the dismissal until December 20, 2023. Dkt. 37 at 2.

Pending before the Court are twelve motions filed by Ussery, including, in part, the following:

- Revised Motion to not Join Claims of Open Actions in Same District Court (Dkt. 25)

- Motion for Leave to File Motion for Joinder of Party as Necessary or Required Party and Supplement to Original Pleading (Dkt. 26)

- Motion for Joinder of Party as Necessary or Required Party and Supplement to Original Pleading (Dkt. 27)

- Motion for Pretrial Conference Scheduling and Management (Dkt. 29)

- Motion to Certify Action as Class Action Pursuant to FRCP 23 (Dkt. 30)

- Motion for Leave to File Motion to Deposit Funds into Court (Dkt. 31)

- Revision 1 Motion Presenting Interpleader of Plaintiffs Enjoined Pursuant to FRCP 22 (Dkt. 32)

- Motion for Deposit of Fund into Court Pursuant to FRCP 67 (Dkt. 33)

- Motion to Strike Three Previous Motions Pertaining to Interpleader (Dkt. 34)

- Motion for Demand for Jury Trial Under Rule 38 and Corresponding Request for Jury Trial Under Rule 39 (Dkt. 35)

These motions were all placed in the prison mailbox system either before the dismissal order was entered or before Ussery received notice of the dismissal. Accordingly, these motions (Dkt. 25, 26, 27, 29, 30, 31, 32, 33, 34, 35) will be denied as moot.

Also pending before the Court is Ussery's "Motion Objecting to Order Dated 11-30-2023 Pursuant to FRCP 46," in which he contends the Court improperly treated his Qui Tam action as a challenge to his conviction and sentence. Dkt. 37. Because this motion was executed within 28 days of the Court's dismissal, the Court liberally construes it as a

motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion "must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Ussery's motion does neither.

In his motion, Ussery concedes that the instant case raises issues related to his pending § 2254 case but maintains that the Court should reconsider its dismissal of this action as duplicative because his "many pleadings" explicitly state that he is seeking only equitable relief in this action. Dkt. 37. Although Ussery now represents that he only wants equitable relief, his original prayer for relief requested, *inter alia*, "immediate release from incarceration" as well as money damages. Dkt. 1 at 21–22. And his allegations clearly seek to undermine his conviction or the consequences flowing therefrom.

Moreover, even if the Court were to treat Ussery's complaint as raising civil-rights claims related to his statute of conviction in a non-habeas context, his claims would remain subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (*Heck* bars any cause of action under 28 U.S.C. § 1983, regardless of the type of relief sought, that would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the conviction has previously been invalidated through proper channels). Before Ussery can pursue a claim for damages or equitable relief arising from allegedly unlawful actions which, if proven, would also show his conviction or sentence to be invalid, Ussery must first show that his conviction or sentence has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas

corpus. *See Heck*, 512 U.S. at 486–87; *Kutzner v. Montgomery Cty.*, 303 F.3d 339, 340 (5th Cir. 2002). Ussery has not shown that his conviction has been overturned or invalidated. Indeed, his original § 2254 proceeding remains pending in this district. *See Ussery*, Civil No. 4:22-cv-3614. Thus, nothing in Ussery's motion alters the Court's conclusion that this case should be dismissed. Because Ussery does not demonstrate that the dismissal order was entered in error, he is not entitled to relief under Rule 59(e).

Finally, Ussery has filed a "Motion to Perpetuate Testimony Pursuant to FRCP 27," through which he seeks to reopen this case. Dkt. 36. The Court liberally construes this motion as one seeking relief from the order of dismissal under Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b), a district court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged . . .; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Ussery's motion, which appears to seek permission to depose a potential witness for a future lawsuit, does not address any of the substantive requirements for relief under Rule 60(b). Nor does the motion alter the Court's conclusion that this action must be dismissed. Accordingly, Ussery fails to show that he is entitled to relief from the Court's order of dismissal.

For the foregoing reasons, the Court **ORDERS** as follows:

1. Ussery's pending motions (Dkt. 25, 26, 27, 29, 30, 31, 32, 33, 34, 35) are **DENIED** as **MOOT**.

2. Ussery's motion under Rule 59(e) of the Federal Rules of Procedure (Dkt. 37) is **DENIED**.

3. Ussery's motion under Rule 60(b) of the Federal Rules of Procedure (Dkt. 36) is **DENIED.**

4. No certificate of appealability will issue in this case.

Petitioner is WARNED that any future motions filed in this case may be stricken as abusive.

SIGNED at Houston, Texas, on _____ SEP 2 3 2024 _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE